UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,

-against-

DERRILYN NEEDHAM,

Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

06cr911

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

Defendant Derrilyn Needham asks this Court to order the Bureau of Prisons ("BOP") to bring her to a hospital to be tested for COVID-19. Needham, an inmate at the Metropolitan Detention Center in Brooklyn, New York ("MDC"), contends that she is experiencing acute symptoms of COVID-19 and may have contracted the disease. For the following reasons, Needham's request is denied.

BACKGROUND

On April 24, 2020, Needham requested emergency medical attention at MDC. (ECF No. 308.) Needham claims she suffers from lost sense of taste, extreme fatigue, chills, a cough (especially at night), trouble breathing, and weight loss. (ECF No. 314, at 3; Decl. of Derrilyn Needham, ECF No. 315, Ex. A. ("Needham Decl."), ¶ 19.) Because of Needham's age, pre-existing medical conditions (including Raynaud's Disease, severe migraines, chronic mild leukopenia, hyperlipidemia, essential hypertension, and vitamin D deficiency), and potential exposure to COVID-19 while incarcerated at MDC, she asks BOP arrange for her to be tested for COVID-19. (See ECF No. 308; ECF No. 314, at 3–5; Needham Decl. ¶¶ 18, 21, 29–31.)

Two MDC officials—the Health Services Administrator and an Associate Warden over Programs—submitted declarations affirming that MDC medical personnel have seen and

treated Needham multiple times since she filed her request.[1]  Specifically, Needham submitted a sick call request for a COVID-19 test on April 24, 2020.  (Vasquez Decl. ¶ 22.)  On April 27, 2020, a medical provider examined Needham for symptoms and diagnosed her with allergic rhinitis and a cough.  (Vasquez Decl. ¶ 23.)  The medical provider ordered nasal spray and cough medicine for Needham, (Vasquez Decl. ¶ 23), but ultimately determined that COVID-19 testing was not necessary because "there was no indication of exposure or any other symptomatology that warrants testing/isolation," (Vasquez Decl., Ex. E., at 13).

Later that day—and again on April 28 and 29—Needham requested a COVID-19 test.  (Vasquez Decl. ¶¶ 24–27.)  Different medical providers visited with her on May 1, 2, and 3, respectively, and "[e]ach of [them], using their clinical judgment, determined that Ms. Needham [did] not meet the diagnostic criteria for COVID-19 testing."  (Vasquez Decl. ¶ 31.)  Needham now requests a judicial order overriding those medical determinations.

DISCUSSION

This Court acknowledges the COVID-19 pandemic sweeping the nation and the need for routine testing to prevent the disease's spread.  While the Centers for Disease Control and Prevention ("CDC") issued guidance concerning who should be tested, it notes that "decisions about testing are made by state and local health departments or healthcare providers."[2]  Accordingly, in addition to the CDC, MDC follows policies and guidance issued by the New York State Department of Health and BOP's Central Office when addressing COVID-19 issues.  (Vasquez Decl. ¶ 4.)  Needham argues that because she falls within the CDC's and New York

---

[1] MDC employees' declarations, which include Needham's BOP medical records, will be docketed under seal by this Court.  For ease of reference, the Declaration of Stacey Vasquez, the Health Services Administrator at MDC, is referred to as "Vasquez Decl."

[2] Testing for COVID-19, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/testing.html (last updated May 1, 2020).

2

State Department of Health's "priorities for COVID-19 testing," she should be tested for COVID-19.  (See generally ECF No. 314.)

Unlike similarly-situated defendants, Needham is not seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), which this Court—as the sentencing court—may entertain.  Nor has she brought a separate civil action against the United States under the Federal Tort Claims Act for medical malpractice, see 28 U.S.C. § 1346(b)(1), or a Bivens claim against individual MDC personnel for deliberate indifference to serious medical needs, see, e.g., Thomas v. Ashcroft, 470 F.3d 491, 496–97 (2d Cir. 2006).

Needham's request for medical treatment is akin to a habeas petition under 28 U.S.C. § 2241 for a "federal prisoner who does not challenge the legality of [her] sentence, but challenges instead its execution subsequent to [her] conviction." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001); see also United States v. George, 2016 WL 843282, at *5 (E.D.N.Y. Mar. 1, 2016) (finding defendant's motion for review of BOP medical treatment was a challenge to his prison conditions, and thus should be construed as habeas petition under § 2241).  But to entertain a habeas petition under § 2241, a court must have jurisdiction over the petitioner's custodian.  See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) ("[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" (second alteration in original) (quoting 28 U.S.C. § 2242)); see also Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 494–95 (1973).  Therefore, venue for a habeas petition under § 2241 challenging a petitioner's physical confinement generally lies in the district of her confinement.  Rumsfeld, 542 U.S. at 442.  Because Needham is in the custody of the warden of MDC, located in Kings County, venue lies in the Eastern District of New York.  See 28 U.S.C. § 112(c); Morrow v. Terrell, 715 F. Supp. 2d 479, 480 n.2 (S.D.N.Y. 2010) (noting that proper venue for § 2241

3

habeas petition was in the Eastern District of New York because defendant's custodian was the warden of MDC in Brooklyn, New York, located in Kings County).

While courts have broad discretion to transfer actions to other judicial districts in the interest of justice, they may also dismiss claims brought in the wrong district.  See 28 U.S.C. § 1406(a); Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993).  This Court is not persuaded that transfer to the Eastern District of New York would be appropriate since Needham does not point to any statutory or constitutional basis for her motion.

Even assuming venue was proper, this Court lacks the authority to grant the relief she seeks.  Needham requests that she "be brought to the hospital immediately for testing." (ECF No. 314, at 5.)  This Court construes her request as one for a temporary transfer to a hospital facility for specific testing.  Such an order would also dictate that upon Needham's return to MDC she would be placed in a 14-day quarantine, further complicating management of the institution.  (Vasquez Decl. ¶ 35.)  BOP has the sole authority to "designate the place of the prisoner's imprisonment" based upon, among other things, "the prisoner's mental and medical health needs."  18 U.S.C. § 3621(b).  Granting Needham's request would interfere with the internal management of MDC.  See 18 U.S.C. §§ 4042(a)(1)–(3).  Moreover, BOP has its own protocols for managing infectious diseases.  See 28 C.F.R. §§ 549.10–.15; see also Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, Ctrs. for Disease Control and Prevention, at 21–22 (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf.

This Court is mindful of Needham's medical conditions and the prevalence of COVID-19 in the prison system.  But decisions regarding the adoption and execution of internal policies, including the discipline, care, and security of prisoners, ordinarily lie "within the

4

province and professional expertise of corrections officials." Bell v. Wolfish, 441 U.S. 520, 547–48 (1979) (quotation marks omitted). These are the sort of issues that the Supreme Court has instructed courts to "ordinarily defer to [corrections officials'] expert judgment." Bell, 441 U.S. at 548 (quotation marks omitted); see also United States v. Goldman, 1998 WL 906662, at *1 (S.D.N.Y. Dec. 29, 1998) ("The question of appropriate medical care for a prisoner is entrusted to the judgment of the Bureau of Prisons. This Court does not have the jurisdiction to enter the type of order the defendant seeks.") Therefore, this Court declines to disturb BOP's decisions regarding Needham's medical treatment at MDC.

## CONCLUSION

For the foregoing reasons, Derrilyn Needham's motion is denied.

Dated: May 15, 2020
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.